IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN, #518622, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:18-CV-2556-K-BK |
| | § | |
| TEXAS PAROLE BOARD, ET AL., | § | |
| DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for a recommended disposition. Plaintiff Lowell Quincy Green ("Green"), a state prisoner proceeding *pro se*, filed a civil rights complaint against the Texas Board of Pardons and Parole and the State Classification Committee and its members, along with a request for leave to proceed *in forma pauperis*.[1] Doc. 2 at 1. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.

### I.   ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding

---

[1] The caption of the complaint references *Green v. Tex. Board of Pardons and Parole, et al.*, No. 6:18-CV-259 (E.D. Tex. Aug. 10, 2018). Because Green complains *inter alia* about the dismissal of No. 6:18-CV-259, the Clerk of the Court has listed as Defendants the same entities and individuals named in that Eastern Division of Texas case.

"that a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim"). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson*, ___ U.S. ___, 135 S. Ct. 1759 (2015)).

Green has accrued three strikes under section 1915(g). Before this lawsuit was filed, courts in Texas dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e) seven non-habeas, civil actions and appeals that Green filed while confined as an inmate. *See Green v. Stephens*, No. 4:15-CV-3257 (S.D. Tex. Nov. 6, 2015); *Green v. Heaton*, No. 7:16-CV-14-O (N.D. Tex. Feb. 24, 2016); *Green v. Davis*, No. 6:16-CV-419-RP (W.D. Tex. Feb. 13, 2017), *appeal dismissed*, No. 17-50690 (5th Cir. Apr. 18, 2018); *Green v. State of Texas Government*, No. 6:16-CV-424-RP, 2017 WL 8185875 (W.D. Tex. Feb. 13, 2017), *appeal dismissed as frivolous*, No. 17-50165, 704 F. App'x 386 (5th Cir. Nov. 27, 2017) (per curiam); *Green v. State of Texas,* No. 6:17-CV-92 (W.D. Tex. May 18, 2017), *appeal dismissed for failure to pay filing fee*, No. 17-50648 (5th Cir. Oct. 19, 2017); *Green v. United States, et al.*, No. 4:18-CV-1927 (S.D. Tex. Sep. 18, 2018).

Five Texas federal courts also have held that Green is barred from filing civil lawsuits by the PLRA three-strike provision. *See Green v. Gray, et al.*, No. 6:17-CV-131 (W.D. Tex. May 23, 2017); *Green v. Owen, et al.*, 4:18-CV-1693 (S.D. Tex. June 11, 2018); *Green v. United States*, No. 4:18-CV-2435 (S.D. Tex. July 17, 2018); *Green v. White, et al.*, No. 4:18-CV-2460 (S.D. Tex. July 19, 2018); *Green v. Tex. Board of Pardons and Parole, et al.*, No. 6:18-CV-259 (E.D. Tex. Aug. 10, 2018).

Having accumulated three "strikes," section 1915(g) precludes Green from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical

injury" at the time of filing the complaint. See *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Here, Green complains about the calculation of his eligibility for parole, related constitutional violations, and the dismissal of Case No. 6:18-CV-259, which raised similar claims. Doc. 2 at 1-14. Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury. Plaintiff, thus, is barred from proceeding *in forma pauperis* under section 1915(g).

## II.     CONCLUSION

Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* should be **DENIED** and this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee for a civil action (includes a $50 administrative fee).

**SO RECOMMENDED**, September 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).